UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                  Case No. 1:23-cr-21

ANTHONY ELLSWORTH TURNER,            HON. JANE M. BECKERING

    Defendant.
_____/

## ORDER REGARDING REPORT AND RECOMMENDATION

Defendant is charged in Count One of a single-count Indictment with access with intent to view child pornography (ECF No. 1).  On April 10, 2023, following a hearing conducted the same day, the United States Magistrate Judge issued a Report and Recommendation (R&R), accepting Defendant's plea of guilty, subject to final acceptance of the plea by the District Judge; reserving acceptance of the plea agreement (ECF No. 12) for the District Judge; and recommending that the District Judge "reject paragraph 12 of the Plea Agreement which contains the so-called 'Hyde Waiver,' as against public policy and void as a matter of law" (R&R, ECF No. 15 at PageID.32). The Report and Recommendation was duly served on the parties.  The parties filed a Joint Objection to Report and Recommendation (ECF No. 17).

The parties object to the Magistrate Judge's recommendation to reject Paragraph 12 of the Plea Agreement.  Paragraph 12 provides the following:

> <u>Hyde Waiver.</u>  Defendant acknowledges, by his voluntary admission of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and Defendant hereby disclaims and waives any right to make any claim for attorney fees.

(ECF No. 12 at PageID.26).  The Hyde Amendment was enacted on November 26, 1997 as part of Public Law 105-119 and is found as a statutory note to 18 U.S.C. § 3006A.  The Hyde

Amendment permits a prevailing federal criminal defendant to recover a reasonable attorney's fee and litigation expenses if the position of the United States was "vexatious, frivolous, or in bad faith, unless, the court finds that special circumstances make such an award unjust." Pub. L. No. 105-119, § 617, 111 Stat. 2519 (1997) (reprinted in 18 U.S.C. § 3006a, Statutory Notes). The parties indicate that to prevent the filing of frivolous litigation, the government often seeks a waiver of Hyde Amendment claims when, as here, a defendant is represented by retained counsel (ECF No. 17 at PageID.35).

In support of the objection, the parties argue that Paragraph 12 is a reasonable provision gained in exchange for consideration, to wit, the government's agreement:

> (1) not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility; and (2) to move for an additional level if the adjusted offense level is 16 or greater.

(ECF No. 17 at PageID.36). The parties also point out that a court has the power only to accept or reject a plea agreement, not to participate in the plea bargaining process (*id.*, citing FED. R. CRIM. P. 11(c) ("An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions."); *United States v. Ushery*, 785 F.3d 210, 219 (6th Cir. 2015) (by allowing the parties to negotiate the final terms of a plea agreement in its presence, the district court at the very least did not follow best practices, and may in fact have violated Rule 11(c)(1))).

Having reviewed the Report and Recommendation and the Joint Objection, the Court determines that the Magistrate Judge's recommendation to reject Paragraph 12 of the Plea Agreement is properly rejected. "It is well settled that a defendant may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Sawyer*, 825 F.3d 287, 291 (6th Cir. 2016) (citation omitted). The Court finds the Hyde waiver permissible and an accepted practice within this district. Accordingly:

**IT IS HEREBY ORDERED** that:

1. The Joint Objection (ECF No. 17) is GRANTED, and the Report and Recommendation of the Magistrate Judge (ECF No. 15) is APPROVED IN PART and REJECTED IN PART; specifically, the Court rejects the Magistrate Judge's recommendation to reject Paragraph 12 of the Plea Agreement but otherwise approves and adopts the remainder of the Report and Recommendation as the Opinion of the Court.

2. Defendant's plea of guilty is accepted, and Defendant is adjudicated guilty of the charge set forth in Count One of the single-count Indictment.

3. The written plea agreement is hereby continued under advisement pending sentencing.

Dated: April 25, 2023        /s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge